UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WORLD EXPRESS & CONNECTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> CROCUS INVESTMENTS, LLC, et al., <br><br> Defendants/Third Party Plaintiffs, <br><br> MARINE TRANSPORT LOGISTIC INC., et al., <br><br> Third Party Defendants. | Civ. No. 15-8126 (KM) (MAH) <br><br> OPINION & ORDER |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the Motion (ECF No. 119) of the Defendants/Third-Party Plaintiffs, Crocus Investments, LLC, Crocus FZE, Alexander Safanov, and Middle East Asia Alfa FZE (collectively, the "Third-Party Plaintiffs"), to appeal Magistrate Judge Hammer's January 8, 2018 order (the "Order," ECF No. 111), denying Third-Party Plaintiffs' letter request ("Letter Two," ECF No. 102), to nullify the effect of Judge Hammer's December 18, 2017 order. (ECF No. 98). I endorse Judge Hammer's sound and practical approach to case management—there is a scheduling order in place, and requests to amend have to stop somewhere—so I affirm the Order.

### I. Background

Because I write for the parties, I summarize only the procedural history relevant to this appeal.

1

Third Party Plaintiffs filed a Third-Party Complaint, (ECF No. 17), against Marine Transport Logistic Inc. ("Marine Transport"), Royal Finance Group, Inc. ("Royal Finance"), Car Express & Import Inc. ("Car Express"), Aleksandr Solovyev ("Solovyev"), Vadam Alper a/k/a Dimitry Alper ("Alper"), Alla Solovyeva ("Solovyeva"), Raya Bakhirev ("Bakhirev"), and Roman Chernin ("Chernin") (collectively, the "Third-Party Defendants"), alleging fraud, civil conspiracy, breach of contract, unjust enrichment, *quantum meruit*, and account stated.

On July 17, 2017, Judge Hammer granted the Third-Party Plaintiffs' timely request for leave to amend the Third-Party Complaint. (ECF No. 50).

On July 21, 2017, the deadline for amendments to the pleadings, (see ECF No. 43), Third-Party Plaintiffs filed another motion to amend their Third-Party Complaint. (ECF No. 51). This motion sought to supplement the existing complaint with (a) additional factual allegations in support of the existing fraud claim, (ECF No. 51-1), and (b) an additional claim under the New Jersey Consumer Fraud Act ("NJCFA"). N.J.S.A. §56:8-1 *et seq.* (*Id.*).

Judge Hammer granted (a) the motion to add factual allegations, but denied (b) the motion to add a cause of action under the NJCFA. (ECF No. 75). Third-Party Plaintiffs, Judge Hammer ruled, were not (or rather were not factually alleged to be) consumers under the NJCFA, and therefore amendment to add the proposed NJCFA cause of action would be futile. (ECF No. 74 at 9–12).

Third-Party Plaintiffs then filed a motion for reconsideration (ECF No. 81), which Judge Hammer denied. (ECF No. 98).

Undaunted, Third Party-Plaintiffs filed a letter ("Letter One") requesting leave to file a second motion to amend the Third-Party Party Complaint. (ECF No. 99). Judge Hammer filed a text order denying the Letter One request without prejudice, because Letter One "fail[ed] to articulate any good cause [to modify the court's scheduling order] to again move to amend, particularly considering that Defendants/Third Party Plaintiffs already made such an application, and the deadline to move to amend expired on July 21, 2017."

That denial, however, was "without prejudice to counsel explaining how good cause exists under Rule 16" to relax the deadline of the scheduling order. (ECF No. 100).

Taking up the suggestion, Third-Party Plaintiffs filed a second letter ("Letter Two", ECF No 102), in which they attempted to demonstrate good cause for relief from the scheduling order.

In the Order, (ECF No. 111), that is now appealed, filed January 8, 2018, Judge Hammer denied the Letter Two request. In that Order, Judge Hammer stated that it appeared Third-Party Plaintiffs were impermissibly seeking "reconsideration of the Court's Order denying reconsideration." (Id. at 1). In the alternative, Judge Hammer ruled that "even if there were a procedural vehicle by which such a request could be made, Defendants/Third-Party Plaintiffs raise issues that amount to mere disagreement and have not shown good cause." (Id. at 2).

Third-Party Plaintiffs then filed this timely appeal. (ECF No. 119).

## II. Discussion

### a. Legal standard

The District Court will reverse a Magistrate Judge's decision on a non-dispositive motion only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). This Court has frequently spoken of the discretion granted to the Magistrate Judge in non-dispositive matters. Where the appeal seeks review of a matter within the core competence of the Magistrate Judge, such as a discovery dispute, an abuse of discretion standard is appropriate. *See Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998); *Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). "This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (internal quotations omitted); *see Deluccia*, 2012 WL 909548, at *1 (same).

3

### b. Addition of NJCFA claim

On appeal, Third-Party Plaintiffs argue that Judge Hammer's Order contained two forms of clear error. (ECF No. 119-1). The first: Judge Hammer identified Letter Two as a motion to reconsider denial of reconsideration, when actually Letter Two is a fresh motion for leave to amend. (Id. at 2). The second: Judge Hammer "failed to consider the good cause demonstrated by defendants/third-party plaintiffs." (Id.). I have considered, and will reject, both arguments.

In response to the first argument, I will not get bogged down in nomenclature—i.e., whether by losing a motion for reconsideration, and then recasting its arguments in a new motion, a party has moved for "reconsideration of . . . reconsideration." Judge Hammer's larger point was that he was literally experiencing déjà vu all over again, i.e., experiencing for the second or third time the feeling that he had seen this request before. (The prior requests are cited in the Order at n.1.). That statement bespeaks no appealable error. Judge Hammer accurately perceived that this was a serial motion to amend and for relief from the scheduling order, requiring good cause, and he applied that standard appropriately. (See Order at 2 n.2).

The Magistrate Judge denied amendment to add a NJCFA claim (while permitting other factual amendments to an existing fraud claim), in a facially sound ruling that Third-Party Plaintiffs did not appeal. (ECF Nos. 74, 75). Judge Hammer then denied a motion for reconsideration, in a ruling that again was not appealed. (ECF No. 98). Third-Party Plaintiffs then filed Letter One, to which Judge Hammer responded by sua sponte inviting a submission that would address the good cause standard. (ECF No. 100). Judge Hammer then considered Letter Two (ECF No. 102), containing Third Party Plaintiffs' revised good cause arguments. It is Judge Hammer's Order, (ECF No. 111), denying the relief requested in Letter Two which is now appealed. Third Party Plaintiffs are claiming, not that the amendment should have been granted in the first

place, but rather that the Magistrate Judge erred in denying them further chances after the deadline for amendments had passed.

But set that procedural point aside; Judge Hammer did. He did not "fail to consider" Third-Party Plaintiffs' contentions that there existed good cause to relax the scheduling order. To the contrary, after expressing doubt about the propriety of a motion for double reconsideration, he went on to consider the Third Party Plaintiffs' arguments anyway. (Order at 2 ("even if there were a procedural vehicle by which such a request could be made, Defendants/Third-Party Plaintiffs raise issues that amount to mere disagreement and have not shown good cause.")).

Federal Rule of Civil Procedure 16(b)(4) dictates that "a schedule may be modified only for good cause and with the judge's consent." It is not disputed that Letters One and Two were submitted after the scheduling order's deadline to amend the pleadings. Thus, Third-Party Plaintiffs needed to present good cause in order to move to amend their Third-Party Complaint. *See E. Minerals & Chem. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (affirming the district court's ruling that, because the plaintiff presented inadequate good cause to modify the scheduling order under Rule 16(b), the plaintiff was denied leave to amend the complaint).[1]

Letter Two asserts that the Third-Party Plaintiffs have good cause to amend the complaint because the first proposed NJCFA claim (ECF No. 51) suffered from a mere technical defect, requiring only a technical amendment.[2]

---

[1] One form of good cause—not the only one, of course—might be presentation of legitimate grounds for reconsideration under the Local Rules. *See* D.N.J. Loc. Civ. R. 7.1(i). To avoid other procedural pitfalls, however, Third-Party Plaintiffs deny that Letter Two was a motion for reconsideration at all, even though it sought the same essential relief as three earlier applications.

[2] On appeal, the Third-Party Plaintiffs ask the Court to note that this technical defect was a result of a translation error. (ECF No. 119-1, 5 n.1). I will not consider those new factual claims, which could have been but were not presented to Judge Hammer in one of these serial applications. "In reviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge." *See Joshua-Stone v. Mee*, No. CIV.A.06-4914

(*See* Letter Two, at 2–3 (citing *In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*, Civ. No. 08-2177, 2012 WL 406905 (D.N.J. Feb. 7, 2012)). The oversight, Third-Party Plaintiffs claim, is that they failed to allege that Crocus Investments LLC, one of the nine Third Party Plaintiffs on whose behalf the claim was asserted, is a "consumer" under the NJCFA. (ECF No. 102, 2).

Judge Hammer found Letter Two's technical-defect arguments "unpersuasive," (Order, 2 n. 2), and *In re Merck* distinguishable. In *Merck*, two allegedly false and misleading statements were inadvertently omitted, the error was recognized relatively quickly, and the proposed amendment merely added two misleading statements to those already alleged, without adding any new cause of action or changing the legal theory of the case. The Third-Party Plaintiffs' mistake here, if that is what it was, was no such oversight.

Four days after having been granted a prior amendment, on the very date of the deadline to amend, Third-Party Plaintiffs moved to add an entirely new and complex cause of action under the NJCFA. In the first proposed NJCFA claim, Third Party Plaintiffs "refer to themselves collectively, and do not single out Crocus, at least nine times." (Order at 2 n. 2) (citing ECF No. 51-2, ¶¶ 276-286). The proposed NJCFA claim alleged in conclusory fashion that all nine were "consumers," without supporting facts. The Magistrate Judge dealt with the claim as it was deficiently pled, and rejected it as futile, employing a motion to dismiss standard. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). By attempting to file a deficient claim at the last possible moment, Third Party Plaintiffs incurred a procedural risk, one which materialized in the manner discussed above.

Enforcement of deadlines and case management are committed to the discretion of the Magistrate Judge, within the confines of the good cause standard. That is particularly true where the application in question is an

---

(SDW), 2008 WL 2986226, at *1 (D.N.J. July 31, 2008) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 92 (3d Cir. 1992), as amended (Sept. 17, 1992)).

6

attempt to reboot contentions rejected in earlier, unappealed rulings. I see no error or abuse of that discretion in Judge Hammer's Order.

### c. Amendment of fraud claim to add further factual allegations

Letter Two also requests that, in the interest of judicial economy (ECF No. 102 at 3), the Court should grant Third-Party Plaintiffs leave to add still further factual allegations to the existing fraud claim.[3] (*Id.*). The Order does not specifically discuss this request, although Judge Hammer's finding that there was no good cause to relax the scheduling order might be interpreted as an implicit denial. In an abundance of caution, I consider the request afresh, without the interposition of any standard of review.

Some procedural background is necessary. Early on, Third-Party Defendants filed a motion to dismiss the Third-Party Complaint for failure to state a cause of action for fraud. (ECF No. 88). In response, Third-Party Plaintiffs "had initially intended to file a cross-motion for Leave to Amend the Third-Party Complaint to include additional allegations of fact." (Letter Two at 3). However, Judge Hammer administratively terminated that motion to dismiss on December 4, 2017 (ECF No. 96), 18 days before Third-Party Plaintiffs filed Letter Two.

Third-Party Plaintiffs assume that Third-Party Defendants intend to refile their motion to dismiss the fraud claim. If so, Third-Party Plaintiffs argue, it would be more efficient to permit amendment of the fraud claim now, so that the motion to dismiss can address their new factual allegations in the first instance. (Letter Two at 3). Good cause, they say, is established by their diligence in responding to the Court's December 15, 2017 order denying reconsideration, (ECF No. 98). (*See* Letter Two at 2, citing *Szczachor v. All Granite & Marble Corp.*, No. CIV.A. 13-395 SRC, 2014 WL 7365780 (D.N.J. 2014.).

---

[3] Not to be confused with the additional allegations of fact that Judge Hammer had already granted Third-Party Plaintiffs leave to include. (ECF No. 75).

7

A party may, in a proper case, respond to a motion to dismiss by proposing to amend its allegations. Nevertheless, I will not preemptively authorize an amendment based on anticipated procedural developments. In the interest of efficiency, any motion to dismiss the fraud claim may address the additional proffered factual allegations in the context of an argument that further amendment would be futile.

## ORDER

For the reasons set forth above,

IT IS this 26th day of September, 2018,

ORDERED that the Third-Party Plaintiffs' appeal (ECF No. 119) is DENIED, and the Magistrate Judge's Order (ECF No. 111) is AFFIRMED.

/s/ Kevin McNulty
**Kevin McNulty**
**United States District Judge**