UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| WORLD EXPRESS & CONNECTION, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>CROCUS INVESTMENTS, LLC, et al.; CROCUS FZE; ALEXANDER SAFONOV; and MIDDLE EAST ASIA ALFA FZE, <br><br>　　　　Defendants. | Civil Action No. 15-8126 (MAH) <br><br><br><br>OPINION AND ORDER |
| CROCUS INVESTMENTS, LLC, CROCUS FZE, ALEXANDER SAFONOV, and MIDDLE EAST ASIA ALFA FZE, <br><br>　　　　Third-Party Plaintiffs, <br><br>　　v. <br><br>MARINE TRANSPORT LOGISTIC, INC. ROYAL FINANCE GROUP, INC., CAR EXPRESS & IMPORT, INC. ALEKSANDR SOLOVYEV, VADIM ALPER a/k/a DIMITRY ALPER, ALLA SOLOVYEVA, RAYA BAKHIREV, and ROMAN CHERNIN, <br><br>　　　　Third-Party Defendants. | |

**HAMMER, United States Magistrate Judge**

**I.　　INTRODUCTION**

Presently before the Court is the notice of motion by Defendants/Third-Party Plaintiffs Crocus Investments, LLC ("Crocus LLC"), Crocus FZE (together with Crocus LLC, the "Crocus

Entities"), Alexander Safonov ("Safonov"), and Middle East Asia Alfa FZE ("Middle East FZE" and collectively with the Crocus Entities and Safonov, "Defendants") for an extension of time to file a notice of appeal. Mot. for Extension of Time, Nov. 11, 2025, D.E. 313. Plaintiff World Express & Connection, Inc., ("Plaintiff"), and Third-Party Defendants Marine Transport Logistic Inc. ("Marine Transport"), Royal Finance Group, Inc. ("Royal Finance"), Car Express & Import Inc. ("Car Express"), Aleksandr Solovyev ("Solovyev"), Alla Solovyeva ("Solovyeva"), Raya Bakhirev ("Bakhirev") (collectively, "Third-Party Defendants") oppose the motion. Certification in Opp'n, Nov. 25, 2025, D.E. 314. The Undersigned has considered this matter without oral argument. Fed. R. Civ. P. 78; Local Civ. R. 78.1. For the reasons set forth below, the Court's Opinion and Order filed on September 2, 2025, D.Es. 309 and 310 are **VACATED** in part and Defendants' motion for extension of time to file a notice of appeal is **DENIED AS MOOT**.

## II.    BACKGROUND

As the Court writes primarily for the parties, the Undersigned assumes familiarity with the facts and protracted procedural history of this case, which were set forth at length in this Court's prior Opinion. *World Express & Connection, Inc. v. Crocus Invs., LLC*, No. 15-8126, 2025 WL 2505665 (D.N.J. Sept. 2, 2025). "This matter concerns a dispute relating to the shipping, export, repair and resale of three boats and two cars." *Id.* at *1. After Judge Kevin McNulty, United States District Judge, granted and denied in part the parties' cross-motions for summary judgment, only one of Plaintiffs' and two of Defendants' claims survived. Op. and Order, Aug. 28, 2020, D.Es. 208 and 209. After a three-day bench trial, the Undersigned declined to enter judgment in favor of any party, finding that the parties failed to carry their respective burdens. *World Express*, 2025 WL 2505665, at *15.

On September 30, 2025, Defendants timely moved for an extension of time to file a notice of appeal. First Mot. for Extension of Time, D.E. 311. For the first time, Defendants informed the Court that in July 2025, Third-Party Defendants Solovyeva and Marine Transport ("Debtors") had filed Chapter 11 bankruptcy petitions. Certification, Sept. 30, 2025, D.E. 311-1 ¶¶ 5-6. Accordingly, Defendants argued an automatic bankruptcy stay under 11 U.S.C. § 362(a) should have applied at least to the Debtors and, potentially, the remaining parties. *Id.* ¶ 7. Defendants reasoned an extension of time to file the notice of appeal was necessary to prevent "piecemeal litigation and inefficiency." *Id.*

The Court terminated the motion without prejudice for two reasons. Order, Oct. 14, 2025, D.E. 312. First, counsel did not provide a proposed form of Order. *Id.* Second, counsel's motion did not indicate whether he attempted to secure opposing counsel's consent. *Id.* The Undersigned provided a deadline of November 21, 2025, to cure those deficiencies. *Id.*

Defendants re-filed the Motion for Extension of Time to File an Appeal on November 21, 2025. D.E. 313. Defendants reason an extension is warranted based on the automatic stay triggered by the Debtors' bankruptcy petition. D.E. 313-1, at ¶ 2.

Third-Party Defendants oppose the motion. They argue that Defendants "violated the automatic bankruptcy stay provisions of 11 U.S.C. § 362(a)" by filing the present motion. Opp'n to Mot., Nov. 25, 2025, D.E. 314, at 1. Third-Party Defendants assert Defendants should have petitioned the Bankruptcy Court to lift the automatic bankruptcy stay before filing any motions here. *Id.* at 2. Third-Party Defendants also contend "that the filing for bankruptcy does not serve as a stay on taking the necessary procedural step of filing a Notice of Appeal to preserve appellate rights." *Id.* Third-Party Defendants argue Defendants should have been notified of the bankruptcy proceedings because Crocus was named as a creditor in that action. *Id.* at 3.

### III. DISCUSSION

#### a. Bankruptcy Stay

Section 362 of the Bankruptcy Act provides:

Automatic stay.

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—
 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the cases under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(1).

"The scope of the automatic stay is broad." *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1203 (3d Cir. 1991). "All proceedings are stayed, including . . . judicial proceedings. Proceeding in this sense encompasses civil actions." *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982). A § 362 stay is automatic once a bankruptcy petition is filed regardless "of whether the parties to the proceedings stayed are aware that a petition has been filed." *Maritime Elec.*, 959 F.2d at 1204. Only the bankruptcy court can lift the stay. *Id.*

Although a stay under § 362 is broad, its effect is to stay proceedings brought only against the debtor. *Id.* "The statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate." *St. Croix*, 682 F.2d at 448. A proceeding must be stayed no matter the stage of litigation so long as it was "*originally brought* against the debtor." *Maritime Elec.*, 959 F.2d at 1204 (quoting *St. Croix*, 682 F.2d at 449) (emphasis in original).

When there are multiple co-defendants and various claims, the Third Circuit has instructed as follows:

> All proceedings in a single case are not lumped together for purposes of automatic stay analysis. Even if the first claim filed in a case was originally brought against the debtor, section 362 does not necessarily stay all other claims in the case. Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.

*Maritime Elec.*, 959 F.2d at 1204-05.

"Once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor." *Id.* at 1206 (collecting cases in state and federal court). "The automatic stay's effect on judicial proceedings against the debtor does not depend upon whether the court finds *for* or *against* the debtor." *Id.* (citing *Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371, 373 (10th Cir. 1990)) (emphasis in original).

"Absent relief from the stay, judicial actions and proceedings against the debtor are void *ab initio*." *Id.* District court orders entered during a bankruptcy stay "must be vacated and amended to the extent they dispose of motions arising out of" claims against the debtor. *Id.* at 1207. However, a bankruptcy stay has no effect on "the district court proceedings and judgments arising out of other claims in this case." *Id.* (citing *Ellis*, 894 F.2d at 373).

Based on the foregoing, the Court *sua sponte* **VACATES** its Opinion and Order dated September 2, 2025, D.Es. 309 and 310, with respect to the Debtors only. Although the Court was not made aware of the July 3, 2025 bankruptcy petition, its filing triggered a mandatory, automatic stay over all proceedings involving claims against the Debtors, including the present

case.  The Court gleans from the record that the bankruptcy stay remains in effect.  Accordingly, the judgment on the claims against the Debtors "are void *ab initio*" and this Court's "judgment must be vacated accordingly."  *Maritime Elec.*, 959 F.2d at 1198.

The claims against the other parties were not subject to the bankruptcy stay.  *Id.* at 1204-05.  Accordingly, the September 2, 2025, Order and Opinion remains in full effect as to the other parties.

### b. Motion for Extension of Time to File a Notice of Appeal

The Court now considers Defendants' motion for an extension of time to file a notice of appeal, and the Third-Party Defendants' opposition to that motion.  D.Es. 313 and 314.  For the reasons that follow, that motion is denied as moot.

"A judgment is final and appealable under 28 U.S.C. § 1291 if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *Maritime Elec.*, 959 F.2df at 1208 (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988)).  Under Federal Rule of Civil Procedure 54(b), the Court has discretion to permit "entry of a final judgment as to one or more but fewer than all of the claims or parties."  "Absent [Rule 54's] special certification, a judgment is final only if it disposes of all of the claims of all of the parties."  *In re Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1230 n.3 (7th Cir. 1990).  That is because a decision adjudicating the claims against some, but not all, parties "does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).

Because the claims against the Debtors are void *ab initio*, this Court has not entered a final judgment.  *See Maritime Elec.*, 959 F.2d at 1208.  The Court also has not entered a Rule

54(b) certification.  Accordingly, the Court has yet to enter a final, appealable order, rendering the motion to extend the time to file a notice of appeal moot.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court's September 2, 2025 Opinion and Order is **VACATED** with respect to the Debtors.  Defendants' motion to extend time to file a notice of appeal, D.E. 313, is **DENIED AS MOOT**.  The instant action is **STAYED** for the duration of the bankruptcy stay.  Once the bankruptcy stay is lifted, the parties shall inform the Court within seven (7) days.

**SO ORDERED.**

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer,
United States Magistrate Judge**

Dated: December 18, 2025